## Maggie Baxter v. Christian F. Thede, Jr.

1. FORMER RECOVERY—*Where There Are No Written Pleadings.*— When, in an action of trespass to real estate, on appeal from a justice court, a former recovery in the Circuit Court is pleaded in bar of the action, and the pleadings in the former suit are such that under them there might have been a recovery for the permanent injury to the estate, or it might have been only for a temporary injury for which the plaintiff was compelled to make repairs, if the evidence strongly tends to show that such prior recovery was only for a temporary injury to the premises, the court should leave the question as to whether the prior recovery was for a temporary or permanent injury, to the jury.

2. ESTOPPEL—*By Matters Litigated in a Former Suit.*—Where a former recovery is pleaded in bar to an action of trespass occasioned by the erection of a brick wall upon the boundary line, and the parties in the former suit were mistaken as to the true location of the line, the defendant is estopped by the former recovery from proving that the wall as originally built did not project on the plaintiff's land, but he is entitled to show that, having removed that portion of the wall which did project on his adversary's premises after the commencement of the former suit, that no part of his wall thereafter projected over the line.

Trespass to Real Estate.—Appeal from the Circuit Court of Mercer County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1901. Reversed and remanded. Opinion filed July 12, 1901.

CONNELL & THOMASON, attorneys for appellant.

BROCK & SCOTT and McARTHUR & COOKE, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit begun by appellant against appellee before a justice of the peace of Mercer county. There being no written pleadings, appellant was required in the Circuit Court, to which the case was appealed, to state the nature of her demand in writing. As amended, the claim is " for continuing from July 31, 1899, to September 1, 1900, a trespass or nuisance, by leaving on and failing to remove a part of a brick wall theretofore erected by said Thede, on and over a lot or parcel of land occupied and possessed by said Maggie Baxter," describing the lot. At the close of the evidence, the court, on motion of appellee, instructed the jury that the evidence in the case did not warrant a verdict for appellant and to return a verdict finding the defendant not guilty, which was accordingly done. A motion for new trial was overruled and judgment rendered against appellant for costs.

Before this suit was begun appellant had brought suit in trespass in the Circuit Court of Mercer County against the appellee on account of the same brick wall involved in this case, and had recovered a judgment for $150, which had been paid. It was claimed by appellee that the former suit was brought to recover for the permanent injury to appellant's estate and that the judgment in that suit would bar any further recovery. It was evidently on that ground the trial judge took the case from the jury.

The pleadings in the former suit were such that under them there might have been a recovery for the permanent injury to the estate or the recovery might have been only for the temporary injury to the appellant's foundation walls

Baxter v. Thede.

for repairs she was compelled to make and for damages occasioned to her by being compelled to vacate her house while the repairs were being made.

We are of the opinion that the evidence so strongly tended to show that the prior recovery was only for the temporary injury to the premises, that the court should have left the question as to whether the prior recovery was for the temporary or permanent injury to the premises, to the jury. The court admitted in evidence part of the instructions of the former trial but refused to admit three of them offered by appellant. One of these instructions related to the damage occasioned by the loss of the use of her house while repairs were being made and another to the measure of damages to be allowed for repairs. We are of opinion that these two instructions tended to sustain appellant's claim as to the nature of her demand in her former suit and that they should have been admitted in evidence.

The evidence showed that after the former suit was begun appellee removed a part of the projecting base of his wall on the side toward appellant's lot. He also sought to prove by three witnesses that after such part was removed no portion of his wall rested on appellant's land and that in fact both parties were at the former trial mistaken as to where the true line was. This evidence the court refused to admit on the ground that appellee was estopped by his plea in the former case, from showing that the true line was different from the one therein recognized. Upon this ruling of the court cross-errors are assigned by appellee. While appellee is estopped by the former judgment from proving that the wall as originally built did not project on appellant's land, yet we are of opinion he had a right to show that having removed that portion of the base of his wall which projected on appellant's side after the commencement of the former suit, no part of his wall thereafter rested on appellant's land. The evidence offered by appellee upon this question should have been admitted.

The motion made in this case by appellee to tax the costs

of additional abstract to appellant, which was taken with the case, will be denied, as the abstract furnished by appellant substantially complied with the rules of this court. For the reasons above given the judgment will be reversed and the cause remanded.