## Maggie Baxter v. Christian F. Thede.

1. PRACTICE—*When Former Judgment is a Bar.*—A judgment of a court having jurisdiction of the parties and the subject-matter is final, not only as to the matters actually litigated, but as to all controversies properly involved which might have been raised and determined.

Trespass, to real property. Appeal from the Circuit Court of Mercer County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1902. Affirmed. Opinion filed July 18, 1902.

CONNELL & THOMASON, attorneys for appellant.

McARTHUR & COOKE, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This case is before us a second time. The former proceedings are reported in Baxter v. Thede, 96 Ill. App. 499. The cause of action is for damages arising from the continuation of an alleged trespass to real estate. The alleged trespass consisted in appellee constructing a brick building upon his premises in the city of Aledo, Mercer county, so that a portion of the foundation projected a very short distance upon the adjoining premises of appellant. The trial of the original suit resulted in a judgment in favor of the plaintiff, who is the appellant here, of $150. That judgment was unappealed from and paid.

A second trial of the second suit resulted in a verdict and judgment in favor of the defendant below, who is the appellee here.

The first question for our determination is whether the judgment for $150 in the first suit is a bar to a recovery in this suit. While most of the testimony related only to damages resulting from the commission, not the continuation of the alleged trespass, nevertheless under the pleadings, proofs and instructions, permanent damages might have been recovered in that proceeding for a continuation of the trespass to the time of trial.

We hold that the former suit was a bar to the recovery

in the present case. A judgment of a court having juris-
diction of the parties and the subject-matter is final, not
only as to the matters actually litigated, but as to all con-
troversies properly involved which might have been raised
and determined. Allen v. Haley, 169 Ill. 532.

But independent of this conclusion there is no merit to
appellant's claim. The proofs show that prior to the con-
clusion of the trial of the former suit appellee removed
what small projection of the wall was supposed to be upon
her premises.

The evidence justified the conclusion of the jury and trial
court, that from that time there had been no continuance
of what was formerly supposed to be a trespass upon appel-
lant's premises. The evidence warranted the further con-
clusion that by a re-survey of the premises with reference
to well defined ancient landmarks, that at no time did the
wall in question ever project over the line or upon the prem-
ises of appellant. Notwithstanding this fact, she had recov-
ered a judgment for such supposed trespass.

In the trial of the former case the appellee filed a plea
in which he admitted his wall, at two places at the bottom,
extended upon the premises of the defendant to the extent
of about three and three-fourths inches. He filed a further
plea of tender of twenty-five dollars, which was deemed
insufficient by the jury. It is now contended that the plea
in the former case admitting the wall to be upon the prem-
ises of appellant to the extent therein stated estops appellee
from showing to the contrary upon this trial. While that
plea may have the effect to estop him in this case from
showing that none of the wall originally projected upon
appellant's premises, it does not deprive him of the right to
show that he subsequently, and before the conclusion of the
trial of the former case, removed all portions thereof which
had previously extended upon the premises of the appel-
lant, treating the line 'between their properties as it was
then supposed to exist.

We hold that the judgment of the court below was proper
and its rendition administered substantial justice to the

parties. The record being free from error the judgment must be affirmed.

A motion was made by appellee to tax the costs of an additional abstract, which motion was taken with the case. We conclude that a portion only, of the additional abstract was necessary, and only one half the cost thereof will be taxed against the appellant.